OR 1463 PAGE 0676

200700009190
Filed for Record in
FAIRFIELD COUNTY, OH
GENE WOOD
05-02-2007 At 02:23 pm.
ASSG LEA RE    92.00
OR Book 1463 Page 676 - 685

## ASSIGNMENT OF LEASES AND RENTS

This ASSIGNMENT OF LEASES AND RENTS is made this 27 day of April, 2007, by PICKERINGTON 256 ARC, LLC, an Ohio limited liability company, whose principal address is 350 E. First Avenue, Columbus, Ohio 43215 ("Assignor") to REPUBLIC BANK, having its principal office at 29225 Chagrin Boulevard, Pepper Pike, Ohio 44122 ("Lender").

In consideration of the obligations of Assignor to Lender as set forth in a certain Open-End Mortgage and Security Agreement of even date herewith (the "Mortgage") given by Assignor to Lender and referred to in the Mortgage, in this Assignment and in other Loan Documents as the "Liabilities," and as additional security for the payment and performance of all the Liabilities described in the Mortgage, and for the performance of the covenants and agreements contained in the Mortgage, Assignor does hereby sell, assign, transfer and set over unto Lender, its successors and assigns, all the rents, profits and all other income under any and all existing and future leases (the "Leases") in which Assignor is lessor and which demise to any person (the "Lessees") all or a portion of the real property situated in the County of Fairfield and State of Ohio and further described in Exhibit A, attached to and made a part hereof (the "Premises") including without limitation those Leases described on the attached Exhibit B (the "Existing Leases"); and Assignor does covenant and agree to and with Lender, as follows:

1. **WARRANTIES WITH RESPECT TO STATUS OF LEASES.** Assignor hereby covenants and warrants to Lender that, except for the Existing Leases, Assignor has not executed any prior assignment of the Leases or Rents, other than any assignment to a lender of Assignor which assignment has been terminated or released prior to or as of the date hereof, nor has it performed any act or executed any other instrument which might prevent Lender from operating under any of the terms and conditions of this Agreement or which would limit Lender in such operation. Assignor further covenants and warrants to Lender that, except for the Existing Leases, there are no Leases now in effect or which may take effect in the future.

2. **AGREEMENT NOT TO ALTER STATUS OF LEASES.** Assignor hereby agrees that so long as the Mortgage remains in effect, Assignor will make no other assignment, pledge or other disposition of the Leases or the rents due thereunder. After written notice by Lender to Assignor following an Event of Default, Assignor will not cancel the Leases, accept a surrender thereof, reduce the rent thereunder, modify, alter or amend the Leases or consent to an assignment of the Lessee's interest thereunder, without first having obtained the written consent Lender, and any such acts, if done after such notice and without the consent of Lender, shall be null and void.

3. **RIGHT OF LENDER TO COLLECT RENT AND OTHER SUMS DUE UNDER THE LEASES.** Unless otherwise agreed in writing or until an Event of Default under the Mortgage, Assignor shall be entitled to collect the rents under the Leases, but not more than one month in advance; provided that in the event of any such Event of Default under the Mortgage and during the continuance thereof, Lender may immediately collect such rents as they become due, and apply the same, less the cost and expense of collection thereof, towards the payment of any of the Liabilities secured by the Mortgage. In the event that the Leases grant to the Lessees an option to purchase or a right of first refusal to purchase all

#170746v1 - Assignment of Leases and Rents

OR 1463 PAGE 0677

or part of the Premises, Assignor expressly hereby sells, assigns, transfers and sets over unto Lender, the right to receive the purchase price paid pursuant to the exercise of such option or right of first refusal pursuant to the terms and conditions of this Agreement.

4. **AUTHORIZATION FOR LESSEES TO PAY RENT TO LENDER.** A demand on the Lessees by Lender for the payment of any rent and other sums due under the Leases, after the occurrence of an Event of Default claimed by Lender, shall be sufficient authority to the Lessees to make future payments of rent to Lender without the necessity for further consent by Assignor and without any obligation upon the Lessees for the determination of the actual existence of any default by Assignor.

5. **RIGHT OF LENDER TO TAKE POSSESSION OF THE PREMISES.** Upon the occurrence of an Event of Default under the Mortgage, or any other Loan Documents, Assignor hereby authorizes Lender at its option to enter upon the Premises or any part thereof, by its officers, agents or employees, for the collection of rents and for the operation and maintenance of the Premises. The Assignor hereby authorizes Lender in general to perform all acts necessary for the operation and maintenance of the Premises. Such entry and taking possession of the Premises, or any part thereof, by Lender, may be made by actual entry and possession, or by written notice served personally upon or sent by certified mail to Assignor, its successors or assigns.

6. **ASSIGNMENT OF SUBSEQUENT LEASES.** Assignor hereby transfers and assigns to Lender any and all subsequent leases upon all or any part of the Premises above described, upon the same terms and conditions as are herein contained, and Assignor agrees to make, execute and deliver to Lender, upon demand, any and all further instruments that may be necessary to evidence the assignment of any such subsequent leases.

7. **ENFORCEMENT OF LEASES.** Assignor hereby agrees to perform and discharge each and every obligation, covenant and agreement required to be performed by the landlord in the Leases and to require the Lessees thereunder to discharge each and every obligation, covenant and agreement which the Lessees are required to perform under the Leases, and if Assignor fails to do so within a reasonable time (not to exceed 60 days) after notice from Lender, Lender shall have the right, but without obligation to do so, and without releasing Assignor from any obligation hereof, to correct such default or to enforce compliance with the Leases by the Lessees in such manner and to such extent as Lender may deem necessary to protect the security hereof. Any expense incurred by Lender hereunder, and any moneys advanced by Lender, shall be added to the Liabilities and shall be payable immediately. Nothing herein contained shall be construed to bind Lender to perform any of the terms and provisions contained in the Leases, or otherwise to impose any obligation upon Lender.

8. **DEFAULT UNDER MORTGAGE.** Any default by Assignor in the performance of any of the obligations herein contained, and if Assignor fails to correct the same within a reasonable time (not to exceed 30 days) after notice from Lender, shall constitute and be deemed to be an Event of Default under the terms of the Mortgage entitling Lender to exercise the rights and remedies provided by the Mortgage.

9. **RIGHTS OF LENDER AFTER FORECLOSURE.** Nothing contained in this Assignment shall in any way diminish, restrict, or affect any rights of Lender under the Leases if Lender should become

2
#170746v1 – Assignment of Leases and Rents

OR 1463 PAGE 0678

the owner of the Premises after expiration of any redemption period in connection with any foreclosure proceedings.

10. RIGHT OF LENDER TO ASSIGN LEASES. Lender shall have the right to assign Assignor's right, title and interest in the Leases to any subsequent holder of the Mortgage or Liabilities referred to therein and to assign the same to any person acquiring title to the Premises through foreclosure or otherwise.

11. MISCELLANEOUS. If two or more persons execute this Assignment as Assignor, the obligations of such persons shall be joint, several and individual. This Assignment may be modified, changed or amended only in writing signed by the parties hereto, or their respective successors in interest. The terms, conditions, and covenants of this Assignment shall be binding upon and inure to the benefit of Assignor and Lender and their respective successors, assigns, heirs and legal representatives. Any legally invalid terms of this Assignment shall be severable and shall not affect the validity of the remainder of the provision containing such terms or the remaining provisions of this Assignment. No course of dealing on the part of Lender, nor any failure or delay by Lender with respect to exercise of any right, power, or privilege by Lender under this Assignment shall operate as a waiver thereof. The rights and remedies of Lender under this Assignment are cumulative and are in addition to the rights and remedies of Lender under the Mortgage and the Liabilities. All notices and other communications indicated herein shall be in writing and shall be sufficient in all respects if sent by registered or certified mail, return receipt requested with postage fully paid, or personally delivered to the other party at the address herein set forth, or to its last known address. All notices shall be effective when sent or given. Either party may by proper written notice hereunder to the other party, change the address to which notices shall thereafter be sent to it. The pronouns and relative words used herein shall be read as if written in the plural, feminine, or neuter form so as to appropriately refer to the parties designated. The paragraph headings included herein are for convenience only and shall not be deemed to be a part of this instrument.

IN WITNESS WHEREOF, Assignor has executed this Assignment on the day and year first above written.

Borrower:

PICKERINGTON 256 ARC, LLC,
an Ohio limited liability company

By: _____
Name: Jason Sunseota
Title: manager

3
#170746v1 - Assignment of Leases and Rents

OR 1463 PAGE 0679

STATE OF OHIO

COUNTY OF FRANKLIN

BEFORE ME, a Notary Public in and for said County and State, appeared Jason Murray, the Manager of Pickerington 256 ARC, LLC, an Ohio limited liability company, who acknowledged that he executed the foregoing instrument in such capacity and the same was his free act and deed in such capacity and the free act and deed of the limited liability company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at Columbus, Ohio, this 27 day of April, 2007.

_____
Notary Public
My Commission Expires: _____



LINDA S. BOOS
Notary Public, State of Ohio
My Commission Expires 11/22/2009

This instrument prepared by:
Republic Bank
29225 Chagrin Boulevard
Pepper Pike, Ohio 44122

4
#170746v1 - Assignment of Leases and Rents

BK 1463 PAGE 0680

EXHIBIT A

LEGAL DESCRIPTION

TRACT 1

Situated in the State of Ohio, County of Fairfield and in the Township of Violet and the Village of Pickerington:

Situated in Section 29, T-16, R-20, Violet Twp., Fairfield County, Ohio and being part of a 17.93 acre tract of land to Emil Windmiller as recorded in Book 309, page 297, parcel 1 of said county records and being more particularly described as follows:

Commencing at an iron spike set in the centerline of S. R. 256 at the southwest corner of a 204 acre survey by Ahlers Surveying, which is South 85 degrees 50' 21" West, 1280.69 feet from a pin in the east line of Section 29; thence South 13 degrees 43' 00" East along said centerline 230.00 feet to a spike set; the true place of beginning of the herein described land; thence continuing along said centerline South 13 deg. 43' 00" East 207.07 feet to a spike set in said line; thence North 88 deg. 42' 02" West, 303.65 feet to a pin set; thence North 01 deg. 17' 58" East, along a line parallel to the east line of Section 29, 200.00 feet to a pin set; thence South 88 deg. 42' 02" East parallel to the south line of this tract 250.00 feet to the place of beginning. Containing 1.271 acres of land, more or less.

EXCEPTING THEREFROM that 0.274 acre tract conveyed to The City of Pickerington of record in Deed Book 637, page 616.

TRACT 2

Situated in the State of Ohio, County of Fairfield, City of Pickerington, being located in Section 29, Township 16, Range 20, Refugee Lands and being part of the 2.0703 acre tract conveyed to Phil H and Lynn B. Key, by deed of record in Deed Book 571, page 972, all referenced being to records in the Recorder's Office, Fairfield County, Ohio and being bounded and described as follows:

Beginning at a point in the westerly right-of-way line of State Route 256, at the southeasterly corner of said Phil H and Lynn B Key 2.0703 acre tract, the northeasterly corner of the 1.27 acre tract conveyed to Omega Oil Co., by deed of record in Deed Book 486, page 495;

Thence North 88 deg 37' 35" West, along the northerly line of said Omega Oil Co. 1.27 acre tract, a distance of 198.37 feet to an iron pin at the northwesterly corner of said tract;

Thence North 1 deg 04' 37" East, a distance of 51.02 feet to a point;

Thence South 88 degrees 37' 35" East, a distance of 101.94 feet to a point;

Thence South 74 deg 57' 29" East, a distance of 55.00 feet to a point;

Thence South 88 deg 37' 35" East, a distance of 33.00 feet to point in the westerly right-of-way line of State Route 256;

Thence South 13 deg. 43' 00" East, along said right-of-way line of State Route 256 (being 50 feet westerly, as measured at right angles and parallel with the centerline of State Route 256), a distance of 39.38 feet to the place of beginning, containing 0.207 acre, more or less.

Bearings contained herein are based on the bearing of the centerline of State Route 256 being South 13 deg. 43' 00" East.

OR 1463 PAGE 0681

Together with the right to use the roadway easement located north of and adjacent to the above described 0.207 acre tract, as described in the deed from Phil H Key and Lynn B Key to Gary L. Schulete, containing 0.734 acre and 0.974 acre.

Being also described as 0.907 acres and 0.205 acres together with a 24 foot ingress/egress easement in legal descriptions of Roger P. Arnold, Professional Surveyor No. 6065.

LEGAL DESCRIPTION OF 0.997 ACRES OF LAND

Situated in the State of Ohio, County of Fairfield, Township of Violet, Village of Pickerington, located in Section 29, Township 16, Range 20, Refugee Lands, being part of a 17.92 acre tract of Emil Windmiller as recorded in Deed Book 309, page 297, at the Fairfield County Recorder's Office, Fairfield County, Ohio, said 0.997 acre tract of land being more particularly described as follows:

Beginning for reference at a point, said point being located at the southeasterly corner of a 0.274 acre tract of land belonging to The City of Pickerington, of record in Deed Book 367, page 616 at the Fairfield County Recorder's Office, Fairfield County, Ohio, said point also being located in the centerline of Hill Road (State Route 256). Thence 88 deg. 42' 02" West, a distance of 67.63 feet to an iron pin (set), said iron pin being located in the westerly right-of-way line of said Hill Road said iron pin being located at the southwesterly property corner of said 0.274 acre tract, said iron pin also being located at THE TRUE POINT OF BEGINNING;

Thence from said TRUE POINT OF BEGINNING, North 88 deg 42' 02" West a distance of 236.02 feet to an iron pin (found);

Thence North 01 deg. 17' 58" East, a distance a 200.00 feet to an iron pin (set);

Thence South 88 deg. 42' 02" East, a distance of 198.23 feet to a P.K. Nail (set), said nail being located at the northwesterly corner of said 0.274 acre tract, said nail also being located in the said westerly right-of-way line of said Hill Road;

Thence South 09 deg. 23' 59" East, along the said westerly right-of-way of said State Route 256, a distance of 203.54 feet to the point of beginning and containing 0.997 acres of land, more or less.

LEGAL DESCRIPTION OF 0.205 ACRES OF LAND

Situated in the State of Ohio, County of Fairfield, Township of Violet, Village of Pickerington, located in Section 29, Township 16, Range 20, Refugee Lands, and being part of a 2.0703 acre tract of land conveyed to Phil H and Lynn B Key, by deed of record in Deed Book 571, page 972, at the Fairfield County Recorder's Office, Fairfield County, Ohio, said 0.205 acre tract of land being more particularly described as follows:

Beginning at a P. K. Nail (set) in the westerly right-of-way line of State Route 256, at the southeasterly corner of said Phil H and Lynn B Key 2.0703 acre tract, the northeasterly corner of the 1.27 acre tract conveyed to Omega Oil Co., by deed of record in Deed Book 486, page 496;

Thence North 88 deg 42' 02" West, along the northerly line of said Omega Oil Co. 1.27 acre tract, a distance of 198.23 feet to an iron pin (set), said iron pin being located at the northwesterly corner of said 1.27 acre tract;

Thence North 01 deg 17' 58" East, along the westerly line of said herein described 0.205 acre tract, a distance of 51.02 feet to a drill hole (found), said drill hole being located at the northwesterly corner of said herein described 0.205 acre tract;

OR 1463 PAGE 0682

Thence South 86 degrees 24' 14" East, along the northerly line of said herein described 0.205 acre tract, a distance of 101.84 feet to a etched cross in the concrete curb (found);

Thence South 74 deg 44' 08" East, continuing along said northerly line, a distance of 55.00 feet to an iron pin (found);

Thence South 89 deg 24' 14" East, continuing along said northerly line, a distance of 33.00 feet to an iron pin (set), said iron pin being located in the westerly right-of-way line of said State Route 256, said iron pin also being located at the northeasterly corner of said herein described 0.205 acre tract;

Thence South 13 deg 41' 24" East, along the said westerly right-of-way line of said State Route 256, a distance of 38.35 feet to the point of beginning and containing 0.205 acre of land, more or less.

FURTHER DESCRIBED ON THE ATTACHED SURVEYOR LEGAL

DESCRIPTION OF 24 FEET INGRESS/EGRESS EASEMENT

Situate In the State of Ohio, County of Fairfield, Village of Pickerington, Section 29, Township 16, Range 20 of the Refugee Lands, and being easements around and through a tract of land conveyed to Emil Windmiller and Anne G. Windmiller by deed of record in Deed Book 580, page 550 of the Recorder's Office, Fairfield County, Ohio.

Ingress/Egress Easement

Beginning at a found iron pin in the northerly property line of the Emil & Anna Windmiller above described property and the southwest corner of the Omega Oil Co. tract as described by Deed in Volume 486, page 496, said iron pin being the TRUE PLACE OF BEGINNING of the description:

Thence South 84 deg 42' 17" East, a distance of 236.11 feet to a found iron pin;

Thence South 06 deg 46' 30" East, A distance of 80.00 feet to the termination point of the easement description;

Thence South 83 deg 13' 30" West, a distance of 24.00 feet to a point;

Thence North 06 deg 46' 30" West, a distance of 60.59 feet to a point;

Thence North 84 deg 42' 17" West, a distance of 216.64 feet to a point;

Thence North 05 deg 08' 47" East, a distance of 24.00 feet returning to the TRUE PLACE OF BEGINNING and containing 0.1635 acres, more or less.

Together with easement granted to Omega Oil Company of record in Deed Book 486, page 498 and Deed Book 486, page 501.

Parcel No: 041-03866.10 and 041-03866.61

OR 1463 PAGE 0683



**Civil & Environmental Consultants, Inc.**
8740 Orion Place, Suite 100 • Columbus, Ohio 43240
Phone 614.540.6633 • Fax 614.540.6638
CHICAGO, IL • CINCINNATI, OH • EXPORT, PA. • INDIANAPOLIS IN.
NASHVILLE, TN. • PITTSBURGH, PA. • ST. LOUIS, MO.

DESCRIPTION OF A
1.204 ACRE TRACT
LOCATED WEST OF HILL ROAD NORTH (ST RT 256)
NORTH OF REFUGEE ROAD (ST RT 7)
CITY OF PICKERINGTON, FAIRFIELD COUNTY, OHIO

Situated in the State of Ohio, County of Fairfield, Township of Violet, City of Pickerington, Section 29, Township 16, Range 20, Refugee Land, and being a 0.977 acre tract and a 0.207 acre tract conveyed to Pickerington 256 ARC, LLC, by deed of record in Official Record Volume 1361, Page 220, all records herein are from Recorder's Office, Fairfield County, Ohio, said 1.204 acre tract being more particularly described as follows:

BEGINNING WITH THE TRUE POINT OF BEGINNING, at an iron pin found at the northeast corner of a 10.468 acre tract conveyed to Hill Road Plaza, LLC, by deed of record in Official Record Volume 666, Page 804 and being on the westerly right-of-way line of said Hill Road North (St. Rt. 256) (r/w varies);

Thence North 86°04'42" West, a distance of 236.02 feet, following along the northerly line of said 10.468 acre tract, to a set iron pipe on the east line of a 0.988 acre tract conveyed to Harry M. Shumaker & Karen K. Shumaker Revocable Trust, by deed of record in Official Record 686, Page 894;

Thence North 03°55'38" East, a distance of 200.00 feet, following along the east line of said 0.988 acre tract, to a found rebar at the northeast corner of said 0.988 acre tract common to the southeast corner of a 0.734 acre tract conveyed to Saundra Mahon, by deed of record in Official Record 1322, Page 1563;

Thence North 03°37'50" East, a distance of 51.02 feet, following along the east line of said 0.734 acre tract, to a set iron pipe on the southerly line of a 0.974 acre tract conveyed to GE Capital Franchise Finance Corporation, by deed of record in Official Record 1432, Page 1943;

Thence the following three (3) courses and distance along the south line of said 0.974 acre tract;

1. South 86°04'22" East, a distance of 101.94 feet, to a set iron pipe;

2. South 72°24'16" East, a distance of 55.00 feet, to a set iron pipe;

3. South 86°04'22" East, a distance of 33.00 feet, to a set iron pipe on the westerly right-of-way line of said Hill Road North common to the southeast corner of said 0.974 acre tract;

OR 1463 PAGE 0684

Thence the following two (2) courses and distance along the westerly right-of-way line of said Hill Road North;

1. South 10°57'56" East, a distance of 39.34 feet, to a set iron pipe;

2. South 06°46'19" East, a distance of 203.54 feet, to the TRUE POINT OF BEGINNING containing 1.204 acres more or less. Being subject to all easement, restrictions and rights-of-way of record.

The bearings were based in State Plain Coordinate System as being South 86°03'32" East from Franklin County Monument 2220 to Franklin County Monument 9941.

All iron pins set are 3/4" iron pipes, 30 inches in length with an ID cap stamped "CEC PORP CORNER".

This description was based on an actual field survey by Civil & Environmental Consultants in September 2006.

Civil & Environmental Consultants, Inc.

Jerry A. Malott     10-09-06
Registered Surveyor No. S-5963     Date

S:\pm\061773\survey\data\1.204acres.doc

OR 1463 PAGE 0685

## EXHIBIT "B"

### EXISTING LEASES

1. Lease between Pickerington 256 ARC, LLC and Anchor Car Wash Systems, Inc. dated August 21, 2006 (2200 rsf);

2. Lease between Pickerington 256 ARC, LLC and Saisriven Pickerington, LLC dated September 1, 2006;

3. Lease between Pickerington 256 ARC, LLC and Anchor Car Wash Systems, Inc. dated August 21, 2006 (300 rsf);

4. Lease between Pickerington 256 ARC, LLC and Premier Legacy Partners, Inc. dba The Original Pizza Pan Co. dated May 5, 2006;

5. Lease between Pickerington 256 ARC, LLC and Dollar ATM, LLC dated April 25, 2007; and

6. Lease between Pickerington 256 ARC, LLC and Pickerington Tan Co., LLC dated April 23, 2007.

#171624v1